UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
A.P. and C.P., individually and on behalf of C.P.,
A child with a disability,

                                                      LETTER MOTION
                         *Plaintiff,*

                --against--                            Case No. 1:23-cv-6651

New York City Department of Education

                          *Defendant.*
------------------------------------------------------------X

Dear Judge Schofield:

I am a Senior Attorney at the Cuddy Law Firm, PLLC (CLF), attorney for the Plaintiff's in the above-referenced action, wherein Plaintiffs seek attorneys' fees, costs, and expenses for legal work on two administrative hearings under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et. seq.*, as well as for this action.

The Record contains several types of information that should be shielded from public view. The hearing transcripts, exhibits, and medical and educational records that comprise a large portion of the Record are replete with pedigree information of the minor student, C.P. (the Student), on whose behalf Plaintiffs filed this action. Much of the information concerns the Student's disabling condition and his corresponding educational needs, information that is both sensitive and private. Accordingly, this information must be shielded from public view pursuant to Rule 5.2(a) of the Federal Rules of Civil Procedure, the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.,* and the Family Educational Rights and Privacy Act (FERPA), 34 C.F.R. § 99.3 (defining personally identifiable information under FERPA).

Moreover, as the underlying administrative proceeding is presumptively closed to the public, all document recounting the proceeding should themselves be deemed confidential. *See* 34 C.F.R. § 300.512(c)(2)(permitting parents to choose whether a hearing is open or closed to the public). Indeed, "[C]ourts in this Circuit have routinely allowed administrative records underlying IDEA cases to be field under seal to protect the privacy interests of minor child plaintiffs: *L.B. v. New York City Dep't of Educ.,* 15-cv-3176, 2015 U.S. Dist. LEXIS 127081, at *2 (S.D.N.Y. Sept. 22, 2015)(citations omitted).

Finally redacting protected information from the Record would be burdensome and would not sufficiently safeguard the Student's privacy interests. As to the burden, the Record contains a wide variety of materials spanning hundreds of pages. As to the Student's privacy interests, even if personally identifiable information were redacted, it is possible that remaining visible information

linkable to the Student would allow a "reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty." *See Matter of Huseman v. New York City Dep't of Educ.,* 2016 N.Y. Misc. LEXIS 1951, at * 11 (Sup. Ct. N.Y. Co. May 25, 2016)(quoting 34 C.F.R. § 99.3).

For the reasons discussed above, Plaintiffs request the Court seal the following submissions by Defendant's counsel (ECF 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 67-1).

Thank you for considering this request.

Dated: March 22, 2024
      Valhalla, NY

Respectfully,
s/ Francesca Teresa Antorino
Francesca Teresa Antorino
CUDDY LAW FIRM, PLLC
*Attorneys for Plaintiffs*
400 Columbus Ave, Suite 140S
Valhalla, NY 10595
Tel: (914)517-9553
fantorino@cuddylawfirm.com

CC:    Martha Nimmer, Esq. (via ECF)

Defendant shall file a response to this motion by **April 1, 2024**.  So Ordered.

The Clerk of Court is respectfully directed to place Dkts. 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58 and 67-1 under seal, allowing the parties to retain access to the filings, while the Court adjudicates this motion.

Dated: March 25, 2024
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE