UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                            :
A.P., *individually and on behalf of minor child*           :
*C.P.*,                                                     :
                                        Plaintiff,          :          23 Civ. 6651 (LGS)
                                                            :
-against-                                                   :                ORDER
                                                            :
NEW YORK CITY DEPARTMENT OF                                 :
EDUCATION,                                                  :
                                        Defendant.          :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiff has filed a motion to seal the administrative record (the "Record")

and an exhibit to a declaration (the "Exhibit") filed by Defendant in opposition to Plaintiff's

motion for attorneys' fees (the "Fee Motion").

WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v.*

*Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of*

*Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The first question is whether the document is

"a judicial document subject to the [presumed] right of public access," meaning that the

document is "relevant to the performance of the judicial function and useful in the judicial

process." *Lugosch*, 435 F.3d at 119.[1] The second step, if the presumption attaches, is to

determine the weight of the presumption by assessing "the role of the material at issue in the

exercise of Article III judicial power and the resultant value of such information to those

monitoring the federal courts." *Id.* The third step is to balance against the presumption any

"competing considerations" such as "the danger of impairing law enforcement or judicial

efficiency" and "the privacy interests of those resisting disclosure." *Id.* at 120. In weighing the

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and
citations are omitted, and all alterations are adopted.

presumption against competing considerations, a court must consider the "qualified First Amendment right of access" and can seal documents based on this right only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, the party moving to place documents under seal "bears the burden of showing that higher values overcome the presumption of public access." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017).  Examples of "higher values" include protecting the attorney-client privilege, *see Lugosch*, 435 F.3d at 125, the privacy of innocent third parties, *see United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995), and the confidentiality of sensitive commercial information, *see Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, No. 15 Civ. 211, 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021).

WHEREAS, the Record and Exhibit contain identifying information about the minor student, C.P., as well as confidential health information and other private details.  Plaintiff has a compelling interest in maintaining the confidentiality of such information about her minor child. *See, e.g.*, *L.J. v. N.Y.C. Dep't of Educ.*, No. 23 Civ. 07267, 2024 WL 3842083, at *2 (S.D.N.Y. Aug. 16, 2024); *S.W. ex rel. A.W. v. N.Y.C. Dep't of Educ.*, No. 22 Civ. 3592, 2023 WL 5803415, at *10 (S.D.N.Y. Sept. 7, 2023).  It can be assumed that the Record and Exhibit are "judicial documents" to which the presumption of public access applies, because they are at least minimally "relevant to the performance of the judicial function and useful in the judicial process." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020).  The weight of that presumption is low, however, given "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id*.  The minute details of the administrative proceedings below generally play little role in the

determination of reasonable attorneys' fees, while the relevant information about the proceedings -- such as their length, complexity and procedural history -- is recited in publicly filed memoranda of law and affidavits.  The Fee Motion at issue here was denied without a decision on the merits, pending the outcome of a relevant Second Circuit case.  *See Y.G. et al. v. N.Y.C. Dep't of Educ.*, No. 22-1184 (2d Cir. Oct. 6, 2023).  This further weakens the countervailing presumption of public access because "[t]he confidential documents thus had no role in the exercise of Article III judicial power."  *In re IBM Arb. Agreement Litig.*, 76 F.4th 74, 86 (2d Cir. 2023), *cert. denied sub nom. Abelar v. Int'l Bus. Machines Corp.*, 144 S. Ct. 827 (2024).  The privacy interests of Plaintiff and C.P. outweigh that presumption of public access.  Filing the entire Record and Exhibit under seal is narrowly tailored to protect those privacy interests, given that the Record is voluminous, and both the Record and Exhibit are permeated with confidential information.  Redacting either would be unduly burdensome in the context of an application for attorneys' fees.

        **ORDERED** that Plaintiff's motion to seal Dkt. Nos. 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58 and 67-1 is **GRANTED**.

        The Clerk of Court is respectfully directed to close the motion at Dkt. No. 70.

Dated: October 16, 2024
        New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

3